In the Matter of the Estate of JOSEPH WARREN TOMPKINS, Deceased.

(Submitted March 14, 1898; decided March 22, 1898.)

MOTION to amend remittitur as follows: " The judgment of the. Appellate Division of the Supreme Court appealed from herein be and the same hereby is modified so as to conform to views set forth in the opinion, and as modified affirmed, but without prejudice to any decrees in the Surrogate's Court entered by consent of Emile B. Morel or Stephanie Morel, or their attorneys, from which decrees no appeal has been taken by either said Emile B. Morel or Stephanie Morel, and without prejudice. to payments and accountings by David Verplanck, as executor or trustee under such decrees, or upon stipulation with the said Morels, or either of them, with costs in this court to all parties who were allowed costs in the Appellate Division to be paid out of the principal fund of the estate." (See 154 N. Y. 634.)

*Abel Crook* for motion.

*V. Wright Kingsley* opposed.

BARTLETT, J. The court, after carefully considering the papers submitted on this motion to amend the remittitur, has reached the conclusion that the motion should be denied.

Our decision of the appeal goes to this extent only. . We held that Emile B. Morel was entitled to one-half of the income of the estate from the death of testator's daughter, Marion, in 1889, until his decease in 1894, and that his widow, Stephanie, was thereafter entitled to the same. We also stated that the accounts in Surrogate's Court should be adjusted on this basis.

There was nothing before us to show the precise state of the accounts between the executor and trustee and his beneficiaries as to payments of principal or income. All that we did was to construe the will and to lay down the proper rule that should govern accountings in the Surrogate's Court.

If the executor and trustee is protected by reason of decrees on accountings, stipulations, or payments as is intimated, there is nothing in our decision to affect that situation.

We regard the facts disclosed on this motion entirely outside of the issues that were presented to us on the appeal, and we leave the executor and trustee to invoke his remedies in the proper jurisdiction.

The motion should be denied, without costs.

All concur.

Motion denied.